R. L. GARVIN *v.* H. S. SHOWDY, ADM'R.

**Final Judgment—Power to Change.**

When, in a suit by an administrator against heirs and creditors to settle an estate as insolvent, an issue is made between a creditor and the estate, which is referred to and reported by a master, who hears the evidence, and upon exceptions being filed to the report, it was heard and overruled by the court and judgment entered against the claimant, such judgment is final and the trial court has no power after the term of court ends to permit the creditor to withdraw his claim and then modify his judgment.

## APPEAL FROM HART CIRCUIT COURT.

### October 12, 1874.

Opinion by Judge Peters:

It appears from the bill of exceptions and agreement of the parties that appellee, as administrator of P. G. Rowlete, deceased, had instituted a suit in the Hart Circuit Court against the heirs and creditors of said decedent, to settle the estate as insolvent. Appellant, on his petition filed in that suit, was made a defendant, and presented the same demand against decedent's estate, upon which this action was brought, and sought judgment therefor. His claim, with others, was referred to the master to hear proof and to be reported on. After hearing the evidence, the master reported adverse to appellant's claim, and he excepted to so much of the report as rejected his claim. At the May term, 1872, of the Hart Circuit Court, his exceptions were heard by the court and overruled. At the following November term of the court, he procured leave of the court to withdraw his claim for the purpose of prosecuting a suit at law on it against appellee, and the court at the same time so modified the injunction inhibiting the creditors of said intestate from prosecuting several suits for their respective demands, as to permit appellant to sue at law on his demand. These facts appear from the bill of exceptions and the agreement of the parties.

The first question for consideration is whether the order overruling appellant's exceptions to the master's report, and confirming the same, in a final order. The court certainly therein adjudged that appellant has failed to establish his claim, and the litigation between him and appellee as to that matter was terminated; and that being the case, the power of the court over that order, being final in its character ceased at the expiration of the term at which it was made, and the permission given by the court to appellant to withdraw his claim and prosecute an action at law on it, could not deprive appellee of the right to rely upon the judgment rendered in the former suit between the same parties for the same cause of action, as a bar, and which as such must be availing.

Judgment *affirmed.*

*Bohannon & Carter, for appellant.*
*J. W. Garvin, for appellee.*